**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES JOSEPH MOORE,

    Petitioner,          Civil No. 5:07-CV-12536
                                   HONORABLE JOHN CORBETT O'MEARA
v.                            UNITED STATES DISTRICT JUDGE

KENNETH ROMANOWSKI,

    Respondent,
_____/

## **OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

James Joseph Moore, ("petitioner"), presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his sentence on three counts of third-degree criminal sexual conduct, M.C.L.A. 750.520d. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DENIED.**

### **I. Background**

Petitioner pleaded *nolo contendere* to the above charges as part of a plea and sentencing agreement. Petitioner was sentenced to concurrent sentences of ten to fifteen years in prison. Petitioner's conviction and sentence was affirmed on appeal. *People v. Moore,* No. 258739 (Mich.Ct.App. March 14, 2006); *lv. den.* 476 Mich. 860; 717 N.W. 2d 888 (2006). Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

1

Defendant is entitled to resentencing because the statutory sentencing guidelines were used when the factual basis for the plea suggested the offenses occurred prior to 1999, which would have obligated the court to use the judicial sentencing guidelines. [1]

## II. Discussion

The instant habeas petition is subject to summary dismissal, because the petition on its face fails to state a claim upon which habeas relief can be granted.

A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Allen v. Perini,* 424 F. 2d 134, 141 (6th Cir. 1970); *See also Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

In his sole claim, petitioner contends that the trial court erroneously used the new Michigan Sentencing Guidelines that had been enacted by the Michigan Legislature to replace the older version of the Michigan Sentencing Guidelines that had been adopted by the Michigan Supreme Court. Petitioner claims that the older sentencing guidelines should have been employed, because the factual basis for petitioner's plea suggested that

---

[1] Due to the brevity of the petition for writ of habeas corpus, this Court is willing to incorporate the arguments raised in petitioner's state appellate court briefs which he has attached to his petition for writ of habeas corpus as being part of the petition for writ of habeas corpus. *See e.g. Burns v. Lafler,* 328 F. Supp. 2d 711, 717, n. 2. (E.D. Mich. 2004).

most, if not all, of the offenses that petitioner pleaded guilty to occurred prior to January 1, 1999, the effective date of the new sentencing guidelines

Petitioner's sentence of ten to fifteen years was within the statutory limits for the offenses of third-degree criminal sexual conduct. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000). Generally, federal habeas review of a state court sentence ends once the court makes a determination that the sentence is within the limitation set by statute. *Allen v. Stovall*, 156 F. Supp. 2d 791, 795 (E.D. Mich. 2001).

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Cook,* 56 F. Supp. 2d at 797. Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005); *Payne v. Smith,* 207 F. Supp. 2d 627, 640 (E.D. Mich. 2002). Petitioner's claim that the sentencing guidelines were incorrectly scored thus fails to state a claim upon which habeas relief can be granted. *Cook v. Stegall,* 56 F. Supp. 2d at 797.

Petitioner's related claim that the state trial court improperly departed above the correct sentencing guidelines range would likewise not entitle him to habeas relief. *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999); *See also Drew v. Tessmer,* 195 F. Supp. 2d 887, 889-90 (E.D. Mich. 2001). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief. *Id.*

Petitioner's related *ex post facto* claim must also be rejected. "[T]wo critical elements must be present for a criminal or penal law to be *ex post facto*: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." *Weaver v. Graham,* 450 U.S. 24, 29 (1981). Any claim by petitioner that application of the new sentencing guidelines violated the *Ex Post Facto* Clause fails, because petitioner has failed to show that the sentencing guidelines range for his sentence under the old judicial sentencing guidelines range would have been less severe. *See e.g. United States v. Sake,* 191 Fed. Appx. 401, 406-07 (6th Cir. 2006); *cert. den.* 127 S. Ct. 1001 (2007). Moreover, because petitioner appears to concede that at least one of the third-degree criminal sexual conduct charges that he pleaded guilty to may have occurred after the enactment date of the new legislative sentencing guidelines, the application of these new sentencing guidelines would not have amounted to an *ex post facto* violation. *See Fairley v. United States,* 298 F. Supp. 2d 679,

684-85 (E.D. Mich. 2004).

### III. CONCLUSION

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A district court has the power to deny a certificate of appealability *sua sponte*. *Allen,* 156 F. Supp. 2d at 798.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d at 798.

### IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

                                                s/John Corbett O'Meara
                                                United States District Judge

Dated: June 20, 2007


I hereby certify that a copy of the foregoing document was served upon Petitioner, James Moore, on this date, June 20, 2007, by ordinary mail.

                                                s/William Barkholz
                                                Case Manager